SCHOTT, Judge.
This application for supervisory writs is directed to a judgment of the trial court which dismissed plaintiff’s suit for injunc-tive relief on an exception of prematurity. Plaintiff’s petition alleged that she is the owner of property on Hamilton Street in the City of New Orleans; defendants, NOP-SI and City of New Orleans have caused a temporary rerouting of a bus line so that between 20 and 40 buses per day pass her home; and resulting vibrations from this *1332 bus traffic have caused and continue to cause damage to her home. She prayed for a temporary restraining order, a preliminary injunction and a permanent injunction prohibiting defendants from operating the buses on Hamilton Street adjacent to her property.
Defendant NOPSI filed various exceptions, including the dilatory exception of prematurity and the peremptory exception of no cause of action.
On memoranda submitted by the parties, the trial court maintained the exception of prematurity and dismissed plaintiff’s suit. No evidence was taken on the exception and the judgment was apparently based on the theory that the Home Rule Charter of the City of New Orleans, of which this court may take judicial notice, confers on the Council of the City of New Orleans the power to regulate ÑOPSI through the passage of ordinances, including the power to designate and change routes for buses. In its response to the subject application for writs, NOPSI has asked this court to take judicial notice of various ordinances of the City of New Orleans, including one passed on July 29, 1976, relative to the route in question. Although NOPSI cites as authority for our taking such notice C.C.P. Art. 1391, that article is confined to the taking of judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States. It does not apply to city ordinances, judicial notice of which is covered by R.S. 13:3712(B). This provides for judicial notice provided certified copies of the ordinances have been filed with the clerk of court. There being no showing of such filings, were are unable to take notice of any of the ordinances referred to.
 In the absence of any evidence, we are left with the bald allegations of plaintiff’s petition which do not mention the passage of an ordinance but simply state that NOPSI and the City have temporarily rerouted the busline to pass in front of her house. The record contains no basis to support the exception of prematurity and the suit was improperly dismissed on that basis.
We have considered defendants’ exception of no cause of action by examining the allegations of plaintiff’s petition and accepting them as true for that purpose. She does not allege that any ordinance was passed but simply that the City and NOPSI have rerouted the buses in front of her home with resulting and continuing damage. It is conceivable that she is entitled to injunctive relief under those circumstances, especially considering that she may amend her petition to include allegations of fact (which she argued in her trial court memorandum and her application in this court) that defendants had led her to believe that the rerouting would be temporary when in fact it was permanent and that she relied on their misrepresentation to her detriment.
We recognize that there are available to defendant defenses which might very well defeat plaintiff’s suit, but the exception of no cause of action cannot be substituted for the pleading of defenses and the ultimate disposition of the case after a trial of the merits or perhaps by way of summary judgment. We do not in any way imply that plaintiff should ultimately recover but only that her petition is not vulnerable to the exception of prematurity or no cause of action.
Accordingly, the judgment of the trial court maintaining the exception of prematurity and dismissing plaintiff’s suit is reversed and set aside, the exception is overruled and the ease is remanded to the trial court for further proceedings.
WRITS GRANTED.